**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SAMUEL ALAN SALISBURY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:22-CV-1709 SDG RDC |
| Sheriff  VICTOR HILL; | ) | |
| | ) | |
| Chief Deputy RONALD | ) | JURY TRIAL DEMANDED |
| BOEHRER; | ) | |
| | ) | |
| Jail Administrator TERRANCE | ) | |
| GIBSON; | ) | |
| | ) | |
| Sgt. L. LYONS JR. | ) | |
| | ) | |
| Lt. J. JACKSON | ) | |
| | ) | |
| Jailer RAYMON WINN; | ) | |
| | ) | |
| All individual and officially | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Samuel Alan Salisbury, and files this Complaint for

Damages against Sheriff Victor Hill, Chief Deputy Ronald Boehrer, Jail

Administrator Terrance Gibson, and Jailer R.S. Winn, individually and officially,

showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, nominal damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. This matter is a renewal action filed pursuant to O.C.G.A. § 9-2-61 and Fed. R. Civ. P. 41 of case number 1:21-cv-02652-SDG.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff resides in Clayton County, Georgia and is subject to the jurisdiction and venue of this Court.

5. At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. As Sheriff of Clayton County, Georgia, Hill is required by law to operate the Jail, to maintain the custody of persons held within his jail, and to ensure the safe and lawful keeping and treatment of inmates under his care. Sheriff Hill is being sued both in his individual capacity and his official capacity as a law enforcement officer. Sheriff Hill is subject to the jurisdiction and venue of this Court and may be served with process and summons as allowed by law.

6. At all times relevant hereto, Ronald Boehrer was the Chief Deputy Sheriff of Clayton County, Georgia and was operating under color of law pursuant to his appointment to that post by Sheriff Hill. In such capacity, Boehrer, and was and

3

is responsible for oversight of the day-to-day operations of the entire Sheriff's Office, including the jail and its operations. Boehrer reports to and is supervised by Hill. Boehrer is being sued both in his individual capacity and his official capacity as a law enforcement officer. Boehrer is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

7. At all times relevant hereto, Terrance Gibson was the Jail Administrator for the Clayton County Sheriff's Office and was operating under color of law pursuant to his appointment to that post by Sheriff Hill. In such capacity, Gibson was responsible for overseeing the day-to-day operations of the Jail and reported to and was supervised by Boehrer and Hill. Gibson is being sued both in his individual capacity and his official capacity as a law enforcement officer. Gibson is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

8. At all times relevant hereto, Lt. J. Jackson was a jail sergeant at the Clayton County Jail and was responsible for supervising day-to-day jail operations and security, including routine interactions with inmates. Jackson reports to and is supervised by Hill, Boehrer, and Gibson. Jackson is being sued both in his individual capacity and his official capacity as a law enforcement officer. Jackson

is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

9. At all times relevant hereto, Sgt. Lyons was a jail sergeant at the Clayton County Jail and was responsible for supervising day-to-day jail operations and security, including routine interactions with inmates. Lyons reports to and is supervised by Hill, Boehrer, Gibson, and J. Jackson. Lyons is being sued both in his individual capacity and his official capacity as a law enforcement officer. Lyons is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

10. At all times relevant hereto, Winn was employed as Jailer/Jail staff with the CCSO and is being sued in his individual and official capacities. Winn was hired by Hill and/or Boehrer and/or Gibson and reported to and was supervised by them. Winn is subject to the jurisdiction and venue of this Court and may be personally served with summons and process as allowed by law.

11. All conditions precedent to this action, including grievance procedures, have occurred, been executed, or made moot.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, all defendants were employed as supervisors or staff with the CCSO, and were acting pursuant to their employment and under color of state law.

13. At all times relevant hereto, Sheriff Hill was employed as a law enforcement officer and Sheriff of Clayton County and was acting pursuant to his employment and under color of state law.

14. All of the actions complained of herein were taken under color of law pursuant to the policy and custom, whether written or unwritten, of Victor Hill, his command staff both named and unnamed, the CCSO, and the officers involved, all while acting in official capacity and under color of law.

15. On or about February 27, 2020[1], Samuel Salisbury was incarcerated at the Clayton County Jail.

16. That morning, Plaintiff was in line in his jail pod to be administered his contact solution and other medication.

---

[1] This action is filed as a renewal action as stated in para. 1 and is also brought within the applicable statute of limitations period pursuant to the Supreme Court of Georgia's Order Declaring Statewide Judicial Emergency and the First, Second, Third, and Fourth Extensions thereto, which jointly operated to toll statutes of limitations for the 122 day period beginning March 14, 2020 through and including July 14, 2020. These orders are incorporated by reference as if fully restated herein.

6

17. Officer Winn and other "Scorpion Response Team" ("SRT") members[2] of the CCSO were present in the pod while Plaintiff was in line for his contact solution.

18. As Plaintiff waited for his medication, Officer Winn suddenly and without warning, provocation, or justification, violently shoved Plaintiff into the ground and began punching him as he lay defenseless on the floor of the jail.

19. Winn continued the unprovoked attack by kicking Plaintiff as he lay on the ground. At one point during the attack, Plaintiff lost his shoe which Winn picked up and used to hit Plaintiff in the face.

20. Plaintiff was not immediately disciplined or notified of any particular violation of jail rules following this attack as is the ordinary custom for CCSO inmates who violate jail rules or policies.

21. Rather, Plaintiff was allowed to return to his pod and cell following the attack, and no further action was taken against Plaintiff for his alleged violation of jail rules.

22. Plaintiff notified his sister of the attack, who then reached out to the office of undersigned counsel.

---

[2] Based on information and belief, the SRT is a team of jailers/deputies/sheriff's office employees who are responsible for day-to-day jail security and who also assist in administering daily jail operations such as overseeing administration of inmate medication, overseeing meal time and distribution of meals to inmates, and general jail security. SRT members have routine contact with inmates.

23. Counsel visited Plaintiff for the first time on or about February 28, 2020 – one day after the attack complained of.

24. Mere hours after counsel finished his visit with Plaintiff, Plaintiff was given a notice of disciplinary action taken, accusing him of (1) use of profanity, gestures, or remarks; (2) disruptive conduct; and (3) throwing any item at another person. On information and belief, it appears that Winn and jail staff fabricated an excuse to discipline Plaintiff for his supposed misconduct, accusing him of throwing his medication at the nurse attempting to administer it to Plaintiff, and that this discipline was only imposed after Plaintiff made counsel aware of the attack.

25. As a result of his summary punishment, Plaintiff was placed in disciplinary segregation for 28 days where he remained until March 27, 2020, ostensibly in retaliation for daring to report the attack to persons outside the jail.

26. As a result of the attack, Plaintiff suffered physical injuries.

27. In addition to his physical injuries, Plaintiff also suffered severe mental, emotional, and psychological injury as a result of the excessive force used against him and the cruel and unusual treatment to which he was subjected, as set forth above, including both the physical attack and the retaliation for reporting it.

28. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the unlawful, cruel, and unusual treatment to which he was subjected by Defendants.

29. At all times relevant hereto, Hill, Boehrer, Gibson, Jackson, and Lyons were responsible for the training, supervision, discipline, and retention of those employees and agents involved in Plaintiff's assault as well as all employees and agents at the jail.

30. At all relevant times, Hill, Boehrer, Gibson, Jackson, and Lyons knew of the unlawful use of force and cruel and unusual treatment of Plaintiff and others similarly situated and were deliberately indifferent to the substantial and unjustifiable risk that such pattern and propensity created to Plaintiff and others.

31. At all relevant times, Hill, Boehrer, Gibson, Jackson, and Lyons ("command staff") knew of Winn and other jailers' propensity to engage in unlawful use of force, inflict cruel and unusual treatment of inmates, show deliberate indifference towards the rights of inmates, and retaliate against those who report misconduct or mistreatment.

32. At all relevant times, Plaintiff had a clearly established constitutional right under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States

Constitution to be free from the treatment to which he was subject as complained of herein.

33. There was no reasonable penological justification for the constitutional violations that Plaintiff suffered by these Defendants.

34. No reasonable officer would have believed that such actions as complained of herein were in any way appropriate or commensurate under the circumstances.

35. Based on information and belief, no employees or agents of the CCSO have been reprimanded or otherwise disciplined for the conduct against Plaintiff or other inmates similarly situated.

36. Defendants' actions, as set forth above, have caused severe and significant mental, emotional, psychological, physical, and financial harm to Plaintiff which he has suffered, is suffering, and will continue to suffer in the future.

37. The abuse and mistreatment complained of herein is widespread, rampant, open, and notorious.

38. At all times relevant hereto, jailers, staff, employees, supervisors, SRT team members, and inmates routinely referred to the jail as a "hands-on" facility in reference to the jailers' propensity to commit unprovoked acts of violence against inmates.

39. At all times relevant hereto, Hill, Boehrer, Gibson, Jackson, and Lyons have referred to the jail as a "paramilitary" facility.

40. Prior to Plaintiff's beating, similar misconduct of these and other jailers had been reported to command staff many times before and no action has been taken to correct it.

41. Moreover, the pattern of abuse and mistreatment of inmates is and has been so widespread, commonplace, and pervasive that Hill, Boehrer, Gibson, Jackson, Lyons, and their staff cannot reasonably claim to have been ignorant of same.

42. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that Hill, Boehrer, Gibson, Jackson, Lyons, and their staff and those responsible for supervising and overseeing jail operations were on notice of the need to correct the pattern and practice of mistreatment.[3]

43. This pattern of abuse and mistreatment includes, but is not limited to:

   a. Boehrer Gibson, Jackson, Winn, and Lyons' knowledge and endorsement of Sheriff Hill's personal use of the "restraint chair" on multiple inmates, including inmate "J.A." as alleged in indictment number 1:21-cr-143 on or about February 25, 2020;

---

[3] Sheriff Hill has since been indicted by a federal grand jury and charged with multiple counts of criminal violations of inmates' civil rights stemming from incidents occurring near in time to those complained of herein.

11

b. Boehrer Gibson, Jackson, Winn, and Lyons' knowledge and endorsement of Sheriff Hill's personal use of the "restraint chair" against inmate Raheim Bonney on or about November 7, 2019;

c. Winn and other SRT team members' unlawful use of force against multiple inmates throughout 2019 and early 2020, including Winn's violent and unprovoked use of force against inmate Jyqwavous Whitaker in September 2019.

44. Having knowledge of same, Hill, Boehrer, Gibson, Jackson, and Lyons and their staff were deliberately indifferent to the constitutional rights of inmates under their watch, including the right to be free from abuse and unlawful use of force against inmates, and such deliberate indifference caused Plaintiff's injuries.

45. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that it can reasonably be considered an unwritten policy or practice of the Sheriff, the jail, and its staff.

46. All acts complained of herein, unless otherwise stated, were performed with malice and intent to injure, including, but not limited to, the use of force against Plaintiff and the subsequent retaliation for reporting such use of force.

**COUNT I –**
**VIOLATIONS OF 42 U.S.C. §1983**
**(FOURTH AMENDMENT)**
**ALL DEFENDANTS**

47. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

48. At all times relevant hereto, all named defendants were acting as employees of the CCSO and under color of law.

49. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from unlawful seizure and unlawful use of force by those acting under color of law.

50. At no point was there any justification for the seizure or use of force against Plaintiff as complained of herein.

51. No reasonable officer under the circumstances would ever have used such force against Plaintiff.

52. At all times relevant hereto, Hill, Boehrer, Gibson, Jackson, and Lyons were responsible for the supervision of all jailers under their command, including Winn.

53. At all times relevant hereto, Hill and command staff were aware of the history of their subordinate jailers of engaging in unprovoked acts of violence against inmates including, but without limitation, R.S. Winn.

54. At all times relevant hereto, Hill and command staff were deliberately indifferent to the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff.

13

55. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth Amendment rights under the United States Constitution.

56. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which Defendants are liable including, but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

57. The injuries to Plaintiff are permanent and continuing.

## COUNT II –
## VIOLATIONS OF 42 U.S.C. §1983
## (EIGHTH AMENDMENT – Cruel and Unusual)
## ALL DEFENDANTS

58. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

59. At all times relevant hereto, these defendants were acting as employees of the CCSO and under color of law.

60. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from cruel and unusual punishment by those acting under color of law.

61. At no point was there any justification for the use of force against Plaintiff by Winn as complained of herein.

62. No reasonable officer under the circumstances would ever have used such force against Plaintiff, and there was no penological justification for such force.

14

63. At all times relevant hereto, Hill and command staff maintained supervisory authority over Winn and other jailers.

64. At all times relevant hereto, Hill and command staff were aware of the history of their subordinate jailers of subjecting inmates to cruel and unusual treatment including the type complained of herein.

65. At all times relevant hereto, Hill and command staff were deliberately indifferent to the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff.

66. By being on notice of improper treatment of inmates and by virtue of deliberate indifference thereto, Hill and his command staff are liable in respondeat superior.

67. As a direct and proximate result of the acts and omissions of Hill, Boehrer, Gibson, Jackson, Lyons, and Winn, Plaintiff was deprived of his Eighth Amendment rights under the United States Constitution to be free from cruel and unusual punishment.

68. As a direct and proximate result of Defendants' acts and omissions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

15

**COUNT III** –
**VIOLATIONS OF 42 U.S.C. §1983**
**(EIGHTH AMENDMENT – Deliberate Indifference)**
**AGAIST HILL, BOEHRER, GIBSON, JACKSON, LYONS**

69. Plaintiff re-alleges and reincorporates paragraphs 1-46 and 58-68 as if fully set forth herein.

70. At all times relevant hereto, Winn was an employee of the CCSO and was acting under color of law.

71. At all times relevant hereto, Winn was supervised by Hill, Boehrer, Gibson, Jackson, and Lyons.

72. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from cruel and unusual punishment by those acting under color of law.

73. As Plaintiff was attacked by Winn, other jailers stood idly by watching the attack and took no corrective action whatsoever to stop it.

74. Hill, Boehrer, Gibson, Jackson, and Lyons were on notice of, and were deliberately indifferent to their jail staff's routine failure to intervene when witnessing misconduct and violence by their colleagues. Accordingly, they, and any latter-named defendants, are liable for Plaintiff's injuries.

75. Said Defendants were also on notice of, and were deliberately indifferent to their jail staff's unconstitutional treatment of inmates under their care.

16

76. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment.

77. As a direct and proximate result of the actions as described herein, Plaintiff suffered serious injury and damage for which Hill and command staff are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT IV –
## VIOLATIONS OF 42 U.S.C. §1983
### (FIFTH and FOURTEENTH AMENDMENTS – Due Process)
### ALL DEFENDANTS

78. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

79. At all times relevant hereto, all defendants were acting as employees of the CCSO and under color of law.

80. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from summary punishment without due process of law.

81. At no point was there any justification for the summary punishment against Plaintiff, to wit: the attack complained of herein and the subsequent four weeks of disciplinary confinement.

82. There was no penological justification for such force or for Plaintiff's subsequent confinement.

83. At all times relevant hereto, Hill and his command staff maintained supervisory authority over Winn and other jailers.

84. At all times relevant hereto, Hill and his command staff were aware of the history of their subordinate jailers of subjecting inmates to summary punishment including, but not limited to, physical and mental abuse.

85. At all times relevant hereto, Hill and other command staff were on notice of, and were deliberately indifferent to, the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff and are liable in respondeat superior.

86. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fifth and Fourteenth Amendment rights under the United States Constitution to be free from punishment without due process of law.

87. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT V**
**VIOLATIONS OF 42 U.S.C. §1983**
**(FIRST AMENDMENT)**
**ALL DEFENDANTS**

88. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

18

89. At all times relevant hereto, all defendants were acting under color of law.

90. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from retaliation for reporting mistreatment by jail staff.

91. Plaintiff's act of notifying his family and his attorney of his mistreatment was constitutionally protected speech.

92. Defendants' post hoc acts of fabricating misconduct against Plaintiff in order to discipline him for notifying his family and his attorney was intended to, and did, chill the speech of Plaintiff and other inmates.

93. Defendants' actions adversely affected Plaintiff's protected speech.

94. At all times relevant hereto, Hill and his command staff maintained supervisory authority over Winn.

95. At all times relevant hereto, Hill and his command staff were aware of the history of their subordinate jailers of retaliating against inmates for reporting mistreatment or misconduct by jail staff.

96. At all times relevant hereto, Hill and his command staff were on notice of, and were deliberately indifferent to, the constitutional rights of Plaintiff and other inmates with respect to such retaliation and are liable in respondeat superior.

97.  As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his First Amendment right to be free from retaliation for engaging in constitutionally protected speech.

98. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT VI**
**VIOLATIONS OF GEORGIA CONSTITUTION and O.C.G.A. §51-1-7**
**ALL DEFENDANTS**

99.  Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

100.   The above-described acts and omissions of all Defendants also deprived Plaintiff of his rights under the Georgia Constitution, including:

a.   freedom from abuse while in custody under Article I, Section I, Paragraph 17;

b.   freedom from deprivation of liberty without due process of law under Article I, Section I, Paragraph 1;

c.   freedom from cruel and unusual treatment while in custody; and

d.   freedom from retaliation for engaging in constitutionally-protected speech.

101. The deprivation of Plaintiff's rights under the Georgia Constitution constitutes a breach of public duty, which is a tort under Georgia Law.

102. At all times relevant hereto, Hill and his command staff were on notice of, and were deliberately indifferent to, the Georgia constitutional rights of Plaintiff and other inmates and are liable in respondeat superior.

103. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT VII
## ASSAULT and BATTERY – GEORGIA LAW
## WINN

104. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

105. Winn, in the discharge of his discretionary functions, acted intentionally and maliciously to injure Plaintiff, thereby waiving the defense of official immunity.

106. Winn placed Plaintiff in reasonable apprehension of immediate, unlawful contact.

21

107.  Winn made unwelcome, intentional, and harmful, physical contact with Plaintiff of an insulting and provoking nature by repeatedly punching, kicking, and hitting him.

108.  As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

### COUNT VIII–
### NEGLIGENT SUPERVISION and RETENTION – GEORGIA LAW AGAINST HILL, BOEHRER, GIBSON, JACKSON, LYONS

111.  Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

112.  At all times relevant hereto, Winn was employed by Victor Hill and was acting under color of state law and under the supervision of Hill, Boehrer, Gibson, Jackson, and Lyons

113.  Hill and command staff hired, supervised and retained Winn when they knew or reasonably should have known of his propensity to engage in acts of violence, excessive force, cruel and unusual treatment, and retaliation as complained of herein, including but not limited to (1) Winn's prior unlawful

22

uses of force against Jyqwavous Whitaker in 2019, and (2) Winn's prior arrest for battery with visible injury by Atlanta Police Department in or around 2012.

114. At all relevant times, Hill and his command staff have maintained an inadequate system of reviewing use of force and misconduct complaints.

115. At all relevant times, Hill and command staff have failed to discipline, more closely supervise, or retrain their employees in light of the unconstitutional conditions to which inmates were subjected and of which Hill and his command staff were aware.

116. The mistreatment complained of herein was so widespread, rampant, and notorious that it cannot be said that Hill and his command staff were ignorant to its existence.

117. As a result of the acts and omissions Hill and command staff, jail officers were improperly and inadequately supervised, trained, disciplined and/or investigated for unlawful use of force and/or cruel and unusual treatment, which culminated in Plaintiff's injuries. This top-down pattern of inaction and indifference bred a culture of violence which permitted Winn and other jailers to act maliciously and viciously towards inmates as set out above.

118. The aforementioned acts and omissions of Winn were permitted to occur due to the conscious decisions and deliberate indifference of Hill and his command staff.

119. As a direct and proximate result of the acts and omissions of Hill and command staff, Plaintiff has suffered, and will continue to suffer, damage, including but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT IX –
## PUNITIVE DAMAGES
## ALL DEFENDANTS

120. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

121. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

122. Due to such conduct, these Defendants are liable to punitive damages to deter such conduct in the future.

123. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and

to punish Defendants for their wrongful acts, in an amount to be determined at trial.

## COUNT X –
### ATTORNEYS FEES AND COSTS
### 42 U.S.C. §1988 and GEORGIA LAW
### ALL DEFENDANTS

124. Plaintiff re-alleges and reincorporates paragraphs 1-46 as if fully set forth herein.

125. As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

126. Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

25

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 29th day of April, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
*Counsel for Plaintiff*

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

26

## <u>FONT CERTIFICATION</u>

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the

undersigned hereby certifies that this Complaint was prepared using Times New

Roman font, 14-point, as approved by this Court.

This 29th day of April, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com