IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SAMUEL ALAN SALISBURY,

               Plaintiff,

v.

SHERIFF VICTOR HILL, CHIEF
DEPUTY RONALD BOEHRER,
and JAILER R.S. WINN,

               Defendants.

CIVIL ACTION FILE
NO. 1:22-CV-01709-CAP

## DEFENDANTS ROLAND BOEHRER AND RAYMON WINN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW defendants Roland Boehrer and Raymon Winn ("these defendants"),[1] by and through the undersigned counsel, and hereby file their answer and defenses to plaintiff's complaint for damages (Doc. 1) (the "complaint"), showing the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim against these defendants upon which relief can be granted.

## SECOND DEFENSE

Responding to the numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

---

[1] Roland Boehrer is incorrectly identified in the complaint as "Ronald Boehrer." Raymon Winn is incorrectly identified in the complaint as "R.S. Winn."

**ANSWER TO NATURE OF CLAIM**

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "NATURE OF CLAIM," these defendants deny in the form and manner alleged the allegations contained in this paragraph, deny any and all liability for the claims asserted, and deny that plaintiff is entitled to any of the relief requested from them in form, type, or amount, under any theory at law or in equity.

**ANSWER TO JURISDICTION AND VENUE**

1.

The allegations contained in paragraph 1 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, these defendants state that this Court generally has subject matter jurisdiction over federal question claims pursuant to 28 U.S.C. §§ 1331 and 1343. These defendants deny in the form and manner alleged the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.

The allegations contained in paragraph 2 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, these defendants deny the allegations contained in paragraph 2 of plaintiff's complaint.

3.

The allegations contained in paragraph 3 of plaintiff's complaint constitute a legal conclusion to which no response is required.  To the extent that a response is required, these defendants state that 28 U.S.C. § 1391 speaks for itself.  Further responding, these defendants admit that venue is proper.

**ANSWER TO PARTIES**

4.

These defendants can neither admit nor deny the allegations contained in paragraph 4 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

5.

Responding to the allegations contained in paragraph 5 of plaintiff's complaint, these defendants admit that Victor Hill was the Sheriff of Clayton County in 2020.  These defendants can neither admit nor deny the remaining allegations contained in paragraph 5 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

6.

Responding to the allegations contained in paragraph 6 of plaintiff's complaint, these defendants admit that Boehrer was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law

- 3 -

at all times relevant to the allegations in plaintiff's complaint. These defendants admit that Boehrer has been sued by plaintiff in his individual capacity but he denies any and all liability for the claims asserted. Further responding, these defendants admit that venue is proper and that the Court has personal jurisdiction over Boehrer. These defendants deny as stated the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7.

These defendants deny as stated the remaining allegations contained in paragraph 7 of plaintiff's complaint.

8.

Responding to the allegations contained in paragraph 8 of plaintiff's complaint, these defendants admit that Winn was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. These defendants admit that Winn has been sued by plaintiff in his individual capacity but he denies any and all liability for the claims asserted. Further responding, these defendants admit that venue is proper and that the Court has personal jurisdiction over Winn. These defendants deny as stated the remaining allegations contained in paragraph 8 of plaintiff's complaint.

9.

These defendants deny as stated the allegations contained in paragraph 9 of plaintiff's complaint.

**ANSWER TO FACTUAL ALLEGATIONS**

10.

Responding to the allegations contained in paragraph 10 of plaintiff's complaint, these defendants admit that they were acting in the course and scope of their employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. These defendants deny as stated the remaining allegations contained in paragraph 10 of plaintiff's complaint.

11.

Responding to the allegations contained in paragraph 11 of plaintiff's complaint, these defendants admit that Victor Hill was the Sheriff of Clayton County in 2020.   These defendants deny as stated the remaining allegations contained in paragraph 11 of plaintiff's complaint.

12.

Responding to the allegations contained in paragraph 12 of plaintiff's complaint, these defendants admit that they were acting in the course and scope of their employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. These defendants

deny as stated the remaining allegations contained in paragraph 12 of plaintiff's complaint.

13.

These defendants admit the allegations contained in paragraph 13 of plaintiff's complaint.

14.

These defendants can neither admit nor deny the allegations contained in paragraph 14 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

15.

These defendants deny as stated the allegations contained in paragraph 15 of plaintiff's complaint.

16.

These defendants deny the allegations contained in paragraph 16 of plaintiff's complaint.

17.

These defendants deny the allegations contained in paragraph 17 of plaintiff's complaint.

18.

These defendants deny as stated the allegations contained in paragraph 18 of plaintiff's complaint.

19.

These defendants deny as stated the allegations contained in paragraph 19 of plaintiff's complaint.

20.

These defendants can neither admit nor deny the allegations contained in paragraph 20 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

21.

These defendants can neither admit nor deny the allegations contained in paragraph 21 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

22.

These defendants can neither admit nor deny the allegations contained in paragraph 22 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

23.

These defendants deny as stated the allegations contained in paragraph 23 of plaintiff's complaint.

24.

These defendants deny as stated the allegations contained in paragraph 24 of plaintiff's complaint.

25.

These defendants deny as stated the allegations contained in paragraph 25 of plaintiff's complaint.

26.

These defendants deny as stated the allegations contained in paragraph 26 of plaintiff's complaint.

27.

These defendants deny as stated the allegations contained in paragraph 27 of plaintiff's complaint.

28.

These defendants deny the allegations contained in paragraph 28 of plaintiff's complaint.

29.

These defendants deny the allegations contained in paragraph 29 of plaintiff's complaint.

30.

These defendants deny as stated the allegations contained in paragraph 30 of plaintiff's complaint.

31.

These defendants deny as stated the allegations contained in paragraph 31 of plaintiff's complaint.

32.

These defendants deny as stated the allegations contained in paragraph 32 of plaintiff's complaint.

33.

These defendants deny as stated the allegations contained in paragraph 33 of plaintiff's complaint.

34.

These defendants deny the allegations contained in paragraph 34 of plaintiff's complaint.

35.

These defendants deny the allegations contained in paragraph 35 of plaintiff's complaint.

36.

These defendants deny as stated the allegations contained in paragraph 36 of plaintiff's complaint.

37.

These defendants deny as stated the allegations contained in paragraph 37 of plaintiff's complaint.

38.

These defendants deny the allegations contained in paragraph 38 of plaintiff's complaint.

39.

These defendants deny the allegations contained in paragraph 39 of plaintiff's complaint.

40.

These defendants deny the allegations contained in paragraph 40 of plaintiff's complaint.

41.

These defendants deny the allegations contained in paragraph 41 of plaintiff's complaint.

42.

These defendants deny the allegations contained in paragraph 42 of plaintiff's complaint.

## ANSWER TO COUNT I – VIOLATIONS OF 42 U.S.C. § 1983
## (FOURTH AMENDMENT)

43.

Responding to the allegations contained in paragraph 43 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

44.

These defendants deny in the form and manner alleged all allegations in paragraph 44 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

45.

These defendants deny in the form and manner alleged all allegations in paragraph 45 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

46.

These defendants deny in the form and manner alleged all allegations in paragraph 46 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

47.

These defendants deny in the form and manner alleged all allegations in paragraph 47 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

48.

These defendants deny in the form and manner alleged all allegations in paragraph 48 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

49.

These defendants deny in the form and manner alleged all allegations in paragraph 49 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

50.

These defendants deny in the form and manner alleged all allegations in paragraph 50 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

51.

These defendants deny in the form and manner alleged all allegations in paragraph 51 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

52.

These defendants deny in the form and manner alleged all allegations in paragraph 52 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

53.

These defendants deny in the form and manner alleged all allegations in paragraph 53 of plaintiff's complaint as plaintiff's Count I has been dismissed by Court Order (Doc. 27).

## ANSWER TO COUNT II – VIOLATIONS OF 42 U.S.C. § 1983 (EIGHTH AMENDMENT)

54.

Responding to the allegations contained in paragraph 54 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

55.

Responding to the allegations contained in paragraph 55 of plaintiff's complaint, these defendants admit that they were acting in the course and scope of their employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. These defendants deny as stated the remaining allegations contained in paragraph 55 of plaintiff's complaint.

56.

These defendants deny as stated the allegations contained in paragraph 56 of plaintiff's complaint.

57.

These defendants deny the allegations contained in paragraph 57 of plaintiff's complaint.

58.

These defendants deny the allegations contained in paragraph 58 of plaintiff's complaint.

59.

These defendants deny as stated the allegations contained in paragraph 59 of plaintiff's complaint.

60.

These defendants deny the allegations contained in paragraph 60 of plaintiff's complaint.

61.

These defendants deny the allegations contained in paragraph 61 of plaintiff's complaint.

62.

These defendants deny the allegations contained in paragraph 62 of plaintiff's complaint.

63.

These defendants deny the allegations contained in paragraph 63 of plaintiff's complaint.

64.

These defendants deny the allegations contained in paragraph 64 of plaintiff's complaint.

**ANSWER TO COUNT III – VIOLATIONS OF 42 U.S.C. § 1983
(EIGHTH AMENDMENT)**

65.

Responding to the allegations contained in paragraph 65 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

66.

Responding to the allegations contained in paragraph 66 of plaintiff's complaint, these defendants admit that Winn was acting in the course and scope of his employment with the Sheriff of Clayton County and under color of state law at all times relevant to the allegations in plaintiff's complaint. These defendants deny as stated the remaining allegations contained in paragraph 66 of plaintiff's complaint.

67.

These defendants deny as stated the allegations contained in paragraph 67 of plaintiff's complaint.

68.

These defendants deny as stated the allegations contained in paragraph 68 of plaintiff's complaint.

69.

These defendants deny the allegations contained in paragraph 69 of plaintiff's complaint.

70.

These defendants deny the allegations contained in paragraph 70 of plaintiff's complaint.

71.

These defendants deny the allegations contained in paragraph 71 of plaintiff's complaint.

72.

These defendants deny the allegations contained in paragraph 72 of plaintiff's complaint.

73.

These defendants deny the allegations contained in paragraph 73 of plaintiff's complaint.

## ANSWER TO COUNT IV – VIOLATIONS OF 42 U.S.C. § 1983 (FIFTH AND FOURTEENTH AMENDMENTS)

74.

Responding to the allegations contained in paragraph 74 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

75.

These defendants deny in the form and manner alleged all allegations in paragraph 75 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

76.

These defendants deny in the form and manner alleged all allegations in paragraph 76 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

77.

These defendants deny in the form and manner alleged all allegations in paragraph 77 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

78.

These defendants deny in the form and manner alleged all allegations in paragraph 78 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

79.

These defendants deny in the form and manner alleged all allegations in paragraph 79 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

80.

These defendants deny in the form and manner alleged all allegations in paragraph 80 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

81.

These defendants deny in the form and manner alleged all allegations in paragraph 81 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

82.

These defendants deny in the form and manner alleged all allegations in paragraph 82 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

83.

These defendants deny in the form and manner alleged all allegations in paragraph 83 of plaintiff's complaint as plaintiff's Count IV has been dismissed by Court Order (Doc. 27).

## ANSWER TO COUNT V – VIOLATIONS OF 42 U.S.C. § 1983 (FIRST AMENDMENT)

84.

Responding to the allegations contained in paragraph 84 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

85.

These defendants deny in the form and manner alleged all allegations in paragraph 85 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

86.

These defendants deny in the form and manner alleged all allegations in paragraph 86 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

87.

These defendants deny in the form and manner alleged all allegations in paragraph 87 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

88.

These defendants deny in the form and manner alleged all allegations in paragraph 88 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

89.

These defendants deny in the form and manner alleged all allegations in paragraph 89 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

90.

These defendants deny in the form and manner alleged all allegations in paragraph 90 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

91.

These defendants deny in the form and manner alleged all allegations in paragraph 91 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

92.

These defendants deny in the form and manner alleged all allegations in paragraph 92 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

93.

These defendants deny in the form and manner alleged all allegations in paragraph 93 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

94.

These defendants deny in the form and manner alleged all allegations in paragraph 94 of plaintiff's complaint as plaintiff's Count V has been dismissed by Court Order (Doc. 27).

## ANSWER TO COUNT VI – VIOLATIONS OF GEORGIA CONSTITUION AND O.C.G.A. 51-1-7

95.

Responding to the allegations contained in paragraph 95 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

- 21 -

96.

These defendants deny in the form and manner alleged all allegations in paragraph 96 of plaintiff's complaint as plaintiff's Count VI has been dismissed by Court Order (Doc. 27).

97.

These defendants deny in the form and manner alleged all allegations in paragraph 97 of plaintiff's complaint as plaintiff's Count VI has been dismissed by Court Order (Doc. 27).

98.

These defendants deny in the form and manner alleged all allegations in paragraph 98 of plaintiff's complaint as plaintiff's Count VI has been dismissed by Court Order (Doc. 27).

99.

These defendants deny in the form and manner alleged all allegations in paragraph 99 of plaintiff's complaint as plaintiff's Count VI has been dismissed by Court Order (Doc. 27).

**ANSWER TO COUNT VII – ASSAULT AND BATTERY – GEORGIA LAW**

100.

Responding to the allegations contained in paragraph 100 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

101.

These defendants deny in the form and manner alleged all allegations in paragraph 101 of plaintiff's complaint as plaintiff's Count VII has been dismissed by Court Order (Doc. 27).

102.

These defendants deny in the form and manner alleged all allegations in paragraph 102 of plaintiff's complaint as plaintiff's Count VII has been dismissed by Court Order (Doc. 27).

103.

These defendants deny in the form and manner alleged all allegations in paragraph 103 of plaintiff's complaint as plaintiff's Count VII has been dismissed by Court Order (Doc. 27).

104.

These defendants deny in the form and manner alleged all allegations in paragraph 104 of plaintiff's complaint as plaintiff's Count VII has been dismissed by Court Order (Doc. 27).

105.

Plaintiff's complaint does not contain paragraphs 105-110 and therefore same are denied.

**ANSWER TO COUNT VIII – NEGLIGENT SUPERVISION AND RETENTION**

111.

Responding to the allegations contained in paragraph 111 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

112.

These defendants deny in the form and manner alleged all allegations in paragraph 112 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

113.

These defendants deny in the form and manner alleged all allegations in paragraph 113 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

114.

These defendants deny in the form and manner alleged all allegations in paragraph 114 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

115.

These defendants deny in the form and manner alleged all allegations in paragraph 115 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

116.

These defendants deny in the form and manner alleged all allegations in paragraph 116 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

117.

These defendants deny in the form and manner alleged all allegations in paragraph 117 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

118.

These defendants deny in the form and manner alleged all allegations in paragraph 118 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

119.

These defendants deny in the form and manner alleged all allegations in paragraph 119 of plaintiff's complaint as plaintiff's Count VIII has been dismissed by Court Order (Doc. 27).

## ANSWER TO COUNT IX – PUNITIVE DAMAGES

### 120.

Responding to the allegations contained in paragraph 120 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

### 121.

These defendants deny the allegations contained in paragraph 121 of plaintiff's complaint.

### 122.

These defendants deny the allegations contained in paragraph 122 of plaintiff's complaint.

### 123.

These defendants deny the allegations contained in paragraph 123 of plaintiff's complaint.

## ANSWER TO COUNT X – ATTORNETS FEES AND COSTS

### 124.

Responding to the allegations contained in paragraph 124 of plaintiff's complaint, these defendants hereby incorporate by reference as if fully set forth verbatim herein their responses previously made to paragraphs 1-42.

125.

These defendants deny the allegations contained in paragraph 125 of plaintiff's complaint.

126.

These defendants deny the allegations contained in paragraph 126 of plaintiff's complaint.

## ANSWER TO DEMAND FOR JURY TRIAL

127.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "DEMAND FOR JURY TRIAL," these defendants deny in the form and manner alleged the allegations contained in this paragraph.

## ANSWER TO PRAYER FOR RELIEF

128.

Responding to the allegations contained in the unnumbered paragraph of plaintiff's complaint entitled "PRAYER FOR RELIEF" and constituting plaintiff's prayer for relief, these defendants deny all such allegations, including all subparagraphs thereof, and specifically deny that plaintiff is entitled to any of the relief requested from them in form, type, or amount, under any theory at law or in equity.

129.

Except as expressly admitted or denied, these defendants deny all allegations contained in plaintiff's complaint.

## THIRD DEFENSE

These defendants show that they did not violate the rights of plaintiff under any provisions of or amendments to the United States Constitution or any other laws.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of these defendants.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were caused by the deliberate, criminal conduct of plaintiff, and such criminal conduct supersedes any and all liability, if any, on the part of these defendants.

## SIXTH DEFENSE

No act or omission of these defendants either proximately caused or contributed to any damages allegedly suffered by plaintiff; therefore, plaintiff has no right of recovery against these defendants.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, plaintiff's damages, if any, were directly and proximately caused by the contributory and comparative negligence of plaintiff.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, these defendants assert the affirmative defenses of assumption of risk, duress, estoppel, failure to mitigate damages, fraud, illegality, laches, payment, release, res judicata, statute of frauds, waiver, statute of limitations, and failure to exhaust administrative remedies under the PLRA.

## NINTH DEFENSE

These defendants are entitled to qualified immunity.

## TENTH DEFENSE

These defendants reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, these defendants pray as follows:

(a)   That judgment be entered in favor of these defendants and against plaintiff on the complaint;

(b)   That the costs of this action, including attorney fees, be cast against plaintiff; and

- 29 -

(c)     That the Court grant such other and further relief as it may deem just

and proper.

**THESE DEFENDANTS DEMAND TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

Attorneys for Defendants Roland Boehrer
and Raymon Winn

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)

- 30 -

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **DEFENDANTS ROLAND BOEHRER AND RAYMON WINN'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

This 20th day of September, 2023.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia  30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)